**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LJC Apparel LLC, | No. CV-20-02460-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| 9277-3068 Quebec Incorporated, | |
| Defendant. | |

Pending before the Court are Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 20) and Plaintiff's Motion for Jurisdictional Discovery (Doc. 23). Defendant filed a Response to the Motion for Jurisdictional Discovery (Doc. 27), and Plaintiff filed a Reply (Doc. 28). Defendant has filed a Sur-Reply. (Doc. 29). The Motion to Dismiss (Doc. 20) is not yet fully briefed.

## I.     Background

Defendant's Motion to Dismiss argues that it has virtually no contacts with the United States and that its website "does not target US consumers." (Doc. 20 at 2). Plaintiff's Motion for Jurisdictional Discovery noted that Defendant operated a Facebook page titled "Ranch Brand America," and one of its posts advertised a Fourth of July sale with the promotional code "USA15." (Doc. 24-3 at 2). Based on this apparent targeting of United States consumers, the Court ordered Defendant to either respond to the Motion for Jurisdictional Discovery or, "[a]lternatively," to withdraw its Motion to Dismiss. (Doc. 26 at 2).

Defendant's Response seeks to withdraw its Motion to Dismiss without prejudice so that it may file a subsequent motion to dismiss on jurisdictional grounds after limited discovery is completed. (Doc. 27 at 2). Defendant's counsel also argues he "simply forgot" to include the Facebook page in its Motion to Dismiss and downplays the apparently United States-focused aspects of its Facebook page by characterizing it as "marketing techniques to create an association in the minds of Canadian consumers with Americanness of the cowboy and the wester way of life that Defendant's Canadian-derived clothing line evokes." (*Id.* at 3). Plaintiff argues in its Reply that this explanation "strains credulity" and "ignores its 'Fourth of July' sale with a promo code of 'USA15' and its description of the launch of its web store with the 'best western wear brand in America today.'" (Doc. 28 at 3). Plaintiff also argues that Defendant's Response does not comply with the Court's Order, and that if the Motion to Dismiss is withdrawn, it must be withdrawn with prejudice. (Doc. 28 at 4).

## II.   Analysis

With regard to Plaintiff's Motion for Jurisdictional Discovery, such "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Loc. No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). Defendant represents that it does not oppose jurisdictional discovery, provided it may also engage in some discovery. (Doc. 27 at 5). Although the Court doubts the sincerity of Defendant's claim that the "Ranch Brand America" Facebook page was not intended to target Americans, the Court finds a more satisfactory showing of facts is necessary to determine whether jurisdiction over Defendant is proper. Accordingly, it will grant Plaintiff's Motion and allow limited discovery with regard to the presence or absence of Defendant's purposeful contacts with the United States consumers.

In doing so, the Court rejects Defendant's withdrawal of its Motion to Dismiss without prejudice. The offer to withdrawal without prejudice does not comply with the Court's order, which gave Defendant the option to respond to the Motion for Jurisdictional

Discovery or, *alternatively*, withdraw the Motion to Dismiss.  In a 16-page brief, Defendant responded to the Motion for Jurisdictional Discovery.  The Motion to Dismiss will therefore remain pending.  Defendant can address any jurisdictional developments revealed during discovery in his reply to the Motion to Dismiss.  He may not, however, file a new Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Jurisdictional Discovery (Doc. 23) is **granted** as follows:

Plaintiff shall be permitted to conduct limited discovery solely on the issue of whether this Court has personal jurisdiction over Defendant.  Plaintiff is permitted no more than five (5) interrogatories, five (5) requests for production of documents and one (1) Federal Rule of Civil Procedure 30(b)(6) deposition.  Defendant may likewise conduct limited discovery only on the issue of jurisdiction, and it is permitted five (5) interrogatories and five (5) requests for production.  The parties shall have 45 days from the date this Order is entered to complete this discovery.

**IT IS FURTHER ORDERED** that Defendant's notice of withdrawal of its Motion to Dismiss without prejudice (Doc. 27) is rejected.  Plaintiff's Motion to Dismiss (Doc. 20) shall remain pending absent future notice from Plaintiff that it shall be terminated.  Plaintiff will not be afforded another opportunity to seek dismissal for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that five days after the close of this limited discovery, Plaintiff shall respond to Defendant's Motion to Dismiss (Doc. 20).  Defendant may file a reply seven days after Plaintiff's response.

**IT IS FURTHER ORDERED** that if during this limited discovery Defendant comes to concede that this Court has personal jurisdiction over it, Defendant shall promptly file notice with the Court stating that it no longer contests personal jurisdiction and shall withdraw its Motion to Dismiss.  If Defendant files a notice conceding personal jurisdiction, no further jurisdictional discovery will be permitted.  Likewise, if Plaintiff comes to concede that this Court does not have personal jurisdiction over Defendant,

Plaintiff shall promptly file notice dismissing this action.

**IT IS FINALLY ORDERED** resetting the Rule 16 Scheduling Conference as to time only for <u>August 3, 2021, at 11:30 a.m.</u>  The remainder of the original order setting the Rule 16 Scheduling Conference (Doc. 19) is otherwise **AFFIRMED**.

Dated this 8th day of June, 2021.

Honorable Diane J. Humetewa
United States District Judge